INHABITANTS OF TOWNSEND *vs.* HIRAM WALCUTT.

The provision in the " act to amend the revised statutes," that when any person, com-
mitted to jail for non-payment of taxes, shall be discharged by taking the poor
debtors' oath, " the collector shall be liable to pay the tax, with the charges of im-
prisonment, unless he shall have committed the party within one year after the tax
was committed to him to collect," does not render the collector liable to pay for the
support of the person so committed, while in jail.

THIS was an action against a collector of taxes, to recover a
sum of money paid by the plaintiffs for the support of a person
in jail, who was committed by the defendant for non-payment of
taxes.

The parties submitted the case to the court, on the following
facts agreed :   The defendant was chosen collector of taxes for
the town of Townsend, in March 1836 and 1837, and in each year
took the oath, and gave bond for the faithful discharge of the du-
ties of said office.   In the month of June in each of those years,
the assessors of the town, by a warrant in due legal form, com-
mitted the taxes of the year to the defendant for collection.   On
the 24th of April 1839, the defendant committed Jonas Gassett,
whose settlement then was and still is in Townsend, to the jail in
Concord, for non-payment of the taxes assessed upon him foɪ
the years 1836 and 1837, and immediately gave the plaintiffs
notice of said commitment.   Gassett remained in jail, upon said
commitment, until the 11th of April 1840, when he was dis-
charged by taking the poor debtors' oath, pursuant to the amend-
ment of the eighth chapter of the revised statutes.

On the day when Gassett was committed to jail as aforesaid,
he applied to the overseers of the poor of Concord for support
as a pauper, and they thereupon gave notice to the plaintiffs and
requested them to remove said Gassett.   On the 8th of Febru-
ary 1840, the town of Concord commenced a suit against the
plaintiffs to recover pay for said Gassett's board from the time
of his commitment to said 8th of February, and, at the following
September term of the court of common pleas, recovered judg-
ment against the plaintiffs, by default, for $73 04 damage, and
$ 15·64 cost.   The plaintiffs, on the 29th of October 1840,

paid said sums to the town of Concord, and also a bill of $ 13·80, for the board of Gassett between the time of the commencement of the aforesaid action and the aforesaid 11th of April 1840, when he was discharged from jail, and removed to Townsend.

The plaintiffs, on the 17th of August 1840, gave the defendant notice of the pendency of the action aforesaid, and requested him to assume the defence thereof ; but he declined so to do.

It was agreed by the parties, that if the plaintiffs, on the foregoing facts, were entitled to recover, the defendant should be defaulted, and judgment be rendered against him for such sum as the court should direct : Otherwise, that the plaintiffs should become nonsuit.

*Farley*, for the plaintiffs.

*Worcester*, for the defendant.

WILDE, J. This action is founded on the amendment of *c.* 8 of the Rev. Sts. § 50, (p. 804,) which is in these words " When any person, committed for the non-payment of taxes, shall be so discharged," (that is, by taking the poor debtors' oath,) " the collector shall be liable to pay the tax, with *the charges of imprisonment*, unless he shall have arrested and committed the party within one year after the tax was committed to him to collect, or unless he shall be exonerated therefrom by the town or parish to which the tax is due."

The defendant was a collector of taxes in the town of Townsend in the years 1836 and 1837, and arrested and committed to the jail in Concord, Jonas Gassett, for the non-payment of his taxes for those years. This he did in April 1839, more than a year after the taxes were committed to him to collect.

Gassett had his legal settlement in Townsend, and the town has been compelled to pay a considerable sum for his support and maintenance while he remained in jail ; and the question is, whether the defendant is liable to this action for the money thus paid. This depends on the construction of the statute as to the meaning of the words, " the charges of imprisonment." The statute, we think, is not to receive a liberal construction ; for it is admitted by the plaintiffs' counsel, that it was not

the duty of the defendant to commit Gassett within the year ; and that if such were his duty, the remedy would be on his official bond. His liability does not depend on any negligence, with which he may be chargeable, for not collecting the tax or committing the party, within the year. He is liable, at all events, to pay the tax, and the charges of imprisonment, unless exonerated therefrom by the town.

The question then is, what was intended by " the charges of imprisonment " ? And we think the *support* of the prisoner, while imprisoned, is not to be included. In the Rev. Sts. c. 97, §§ 48 – 51, provision is made for the support of any person committed on execution, who shall claim support as a pauper ; and if it was the intention of the legislature that collectors of taxes, in cases like the present, should be liable for the support of paupers, it seems probable that the like expression would have been inserted in the section under consideration. But if this be doubtful, as perhaps it may be, we think the defendant is entitled to the most favorable construction of the statute. He gave the plaintiffs immediate notice of the commitment, and at the same time they had notice from the overseers of the poor of the town of Concord, that Gassett had applied to them for support as a pauper. The plaintiffs, if they had been so disposed, might have ordered his immediate discharge. But they allowed him to remain in prison for nearly a year, knowing that he was supported at their expense. There is, therefore, no foundation for their claim on the defendant, unless he is made clearly liable by the statute. And we think he is not. Prison charges do not necessarily include charges for the support of the prisoner, and the statute is not to be extended, by construction, beyond its clear mean ng.

*Plaintiffs nonsuit.*